JANE C. HINTON v. DAVID HINTON, Ex'r. &c.

A party plaintiff has no right to have a decree re-heard by which certain lands were directed to be sold, (and which afterwards confirmed the sale,) when such party is in no way interested in the proceeds of sale, and did not ask a sale in her original complaint.

Where an executor is authorized to sell the lands of his testator in his discretion, this Court will not interfere by entertaining an application for a license to sell. Such an executor may be compelled to sell, when third persons have a right to compelled him to do so; and the Court will restrain an abuse of his discretion.

PETITION filed in this Court to re-hear a decree, made in a certain suit, at January Term, 1869, wherein the petitioner

was plaintiff, and the defendant, David Hinton, was defendant. The facts are fully stated in the opinion of the Court.

*Mason, W. N. H. Smith* and *Devereux*, for petitioner.
*Moore & Gatling*, contra.

RODMAN, J.   The original action in this case was by the plaintiff to recover of the defendant, who is the executor of Laurens Hinton, and the testamentary guardian of his children, compensation for the board and other expenses of the children for several years, and to compel him to sell the lands of the testator for the purpose of enabling him to pay it.   At January Term, 1869, of this Court, the Court adjudged a certain sum due to the plaintiff, and decreed that the defendant sell so much of the lands as might be necessary to pay the debt.   The defendant sold two pieces of land to the plaintiff for a sum more than sufficient to pay her debt.   The sale was confirmed at January Term, 1870, and the plaintiff was afterwards paid.   The decree confirming the sale authorized the defendant to sell the residue of the lands.   Afterwards the defendant did sell the residue of the lands to Wynne & Hayes, and at January Term, 1871, that sale was reported and confirmed.   The present petition asks that so much of the decree of January Term, 1870, as authorizes a sale of the residue of lands, and the decree of January, 1871, confirming the sale to Wynne & Hayes, be reheard and reversed, and consequently the sale set aside.

The first question which occurs is, what interest has the plaintiff in the decrees which she seeks to have reheard.   She does not represent the children who were the owners of the land.   Her debt was paid and satisfied before that part of the decree of 1870, which she complains of, was made, or it must be regarded as having been so paid.   When that action was done, the action was at end as to her, and it continued in Court for any purpose not connected with the first sale, merely as the *ex parte* application of the defendant.   That part of the de-

cree of 1870, which is complained of, was not asked for by her in her complaint, and was not necessary for her relief. It may have been erroneous, or not, but she is not aggrieved by it, and cannot be heard to complain.

Our opinion on this point being decisive of the case, made by the petition to rehear, we might go no farther. But the petition alleges that great damage has been done to the children, by the second sale, and although it does not charge the defendant with fraud, it imputes a recklessness and imprudence, injurious to the children. The argument deducted from this calls for some observations.

The defendant was authorized, by the will of his testator, to sell his lands in the exercise of a discretion. Where an executor has such a power, a Court will not entertain his application for an order, or a license to sell, for the reason that the license, or order, would be superfluous and nugatory.

If the Court, by inadvertence or from ignorance of the fact of his power to sell, should make such an order, it would not, the heirs being no parties to the proceeding, in any way affect their rights as between the executor and them. A trustee, with a discretion to sell, may be compelled to sell, when third persons have a right to require him to do so, and a Court will restrain an abuse of his discretion. A Court will also advise a trustee upon a case of facts, as to doubtful matters of law. But a trustee, with a discretion, can never, by his own act, throw off upon a Court his responsibility to his *cestui que trusts* for a faithful exercise of his discretion. Considering the decrees complained of as being as between the defendant and the children of the testator, as if they had been obtained on his *ex parte* application, they would form no bar to any action by the children, charging upon the defendant an unfaithful and fraudulent use of his powers.

There are also persons interested in the sale other than the children, and the executor, viz: the purchaser, and we apprehend that, as against them, it would not be sufficient in order to set aside a sale after its confirmation, to show fraud on the

part of the executor, but it would be necessary also to show a guilty participation in the fraud on their part.

We do not, of course, undertake now to say what would be our decision in a case to which the children were parties. It would necessarily depend on the nature of the case made. But we are strongly inclined to think that an application by them to set aside the decrees complained of, would not be entertained in the absence of an allegation of fraud, both in the defendant and in the purchaser. The defendant has done through this Court, only what he might have done under the will, without the aid of the Court, and the children are in no wise injured by the decrees. If the defendant has been an unfaithful trustee, their remedy is unimpaired. And there is no suggestion of any fraud in the purchasers.

PER CURIAM. Leave to have the decrees reheard, refused.